**No. 24-1838**

# In the United States Court of Appeals for the Ninth Circuit

ANDREW KING, on behalf of himself and all others similarly situated,
*Plaintiff-Appellant*

v.

NAVY FEDERAL CREDIT UNION,
*Defendant-Appellee.*

On Appeal from the United States District Court for the Central District of California (Los Angeles), Case No. 2:23-cv-05915-SPG-AGR
(Hon. Sherilyn Peace Garnett)

## MOTION OF DEFENDANT-APPELLEE NAVY FEDERAL CREDIT UNION FOR LEAVE TO FILE SUR-REPLY

Defendant-appellee Navy Federal Credit Union respectfully moves for leave to file the attached sur-reply, which is limited to responding to one opinion letter issued by the National Credit Union Administration (NCUA). This opinion letter was issued after Navy Federal filed its response brief, and is relied upon in plaintiff-appellant Andrew King's reply brief. Counsel for Navy Federal conferred with counsel for King, who opposes this motion.

This case hinges on the proper interpretation of the express preemption clause in 12 C.F.R. § 701.35(c). That clause was first promulgated by NCUA in 1985, and ultimately amended into its current form in 1993. At the time of promulgation and

amendment, NCUA repeatedly explained that this clause rendered certain fees charged by federal credit unions "free from state regulation." Response Br. 5–8.

On December 10, 2024, NCUA issued a new opinion letter departing from these prior statements. NCUA, *Consumer Harm Stemming from Certain Overdraft and Non-Sufficient Funds Fee Practices*, 24-CU-03, https://perma.cc/2X2J-VRCJ at 1.[1] Although this letter was not focused on preemption, NCUA stated, in a footnote, that Section 701.35(c) "does not preempt State laws that apply to practices of federal credit unions that violate other federal laws." *Id.* NCUA provides no reasoning for this statement, other than asserting that the "activities" mentioned in Section 701.35(c) "are limited to conduct that is consistent with federal law." *Id.* (cleaned up).

Navy Federal should be granted leave to file a targeted sur-reply addressing this opinion letter. Navy Federal could not have addressed the letter in its response brief (filed December 6, 2024), as the letter had not yet issued. King, however, invokes this letter repeatedly in his reply brief (at 3, 9, 12). Accordingly, Navy Federal should be allowed to respond with the attached sur-reply. *See Jensen v. Blumenstiel*, No. 18-

[1] The letter itself is dated "December 2024," but states at the bottom that it was "[l]ast modified on 12/10/24." Internet archives confirm that it was not issued until December 10, 2024. *Compare* National Credit Union Administration, Letters to Credit Unions and Other Guidance, *available at* https://tinyurl.com/y96fp3xj (internet archive showing no letter as of December 8, 2024) with National Credit Union Administration, Letters to Credit Unions and Other Guidance, *available at* https://tinyurl.com/3td326bw (internet archive showing letter as of December 11).

17049, 2019 WL 11717022, at *1 (9th Cir. June 24, 2019), *cert. denied*, 140 S. Ct. 2511 (2020) (granting leave to file sur-reply where arguments raised for first time in reply); *Edwards v. Mondora*, 700 F. App'x 661, 664 (9th Cir. 2017) (new arguments raised on reply would warrant sur-reply); *Keegan v. Am. Honda Motor Co.*, No. 12-80138, 2012 WL 7152289, at *1 (9th Cir. Nov. 9, 2012) (granting leave to file sur-reply where arguments raised for first time on reply).

As explained further in the attached sur-reply, this Court should not defer or give any weight to NCUA's recent statement. Among other reasons, this statement conflicts with what NCUA repeatedly said when promulgating and amending the preemption clause in Section 701.35(c) decades earlier. Further, NCUA provided no reasoning or explanation for its recent conflicting statement.

For the foregoing reasons, this Court should grant Navy Federal leave to file the attached sur-reply.

Respectfully submitted,

*/s/ Elbert Lin*
Elbert Lin
David M. Parker
HUNTON ANDREWS KURTH LLP
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219
804-788-8200
elin@huntonAK.com
dparker@huntonAK.com

*Counsel for Defendant-Appellee Navy Federal Credit Union*

Jason J. Kim
Hakop Stepanyan
Marcus E. Nelson
HUNTON ANDREWS KURTH LLP
550 South Hope Street, 2000
Los Angeles, California 90071
213-532-2000
kimj@HuntonAK.com
hstepanyan@HuntonAK.com
mnelson@HuntonAK.com

April 7, 2025

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because this motion contains 526 words excluding the parts of the motion exempted by Rule 32(f). This motion complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because this motion has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

April 7, 2025                             */s/ Elbert Lin*
                                          Elbert Lin

## CERTIFICATE OF SERVICE

    I hereby certify that on April 7, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the U.S. Court of Appeals for the Ninth Circuit by using the CM/ECF system. All participants are registered CM/ECF users and will be served by the appellate CM/ECF system.

                                      */s/ Elbert Lin*
                                      Elbert Lin

**No. 24-1838**

# In the United States Court of Appeals for the Ninth Circuit

ANDREW KING, on behalf of himself and all others similarly situated,

*Plaintiff-Appellant*

v.

NAVY FEDERAL CREDIT UNION,
*Defendant-Appellee.*

On Appeal from the United States District Court for the Central District of California (Los Angeles), Case No. 2:23-cv-05915-SPG-AGR
(Hon. Sherilyn Peace Garnett)

## SUR-REPLY OF DEFENDANT-APPELLEE

Jason J. Kim
Hakop Stepanyan
Marcus E. Nelson
HUNTON ANDREWS KURTH LLP
550 South Hope Street, 2000
Los Angeles, California 90071
213-532-2000
kimj@HuntonAK.com
hstepanyan@HuntonAK.com
mnelson@HuntonAK.com

Elbert Lin
David M. Parker
HUNTON ANDREWS KURTH LLP
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219
804-788-8200
elin@huntonAK.com
dparker@huntonAK.com

April 7, 2025

*Counsel for Defendant-Appellee*

# TABLE OF CONTENTS

**TABLE OF CONTENTS** .......... i

**TABLE OF AUTHORITIES** .......... ii

**INTRODUCTION** .......... 1

**ARGUMENT** .......... 2

**CONCLUSION** .......... 5

**CERTIFICATE OF COMPLIANCE** .......... 7

**CERTIFICATE OF SERVICE** .......... 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Auer v. Robbins*,
519 U.S. 452 (1997) .......... 2, 5

*Barrera-Lima v. Sessions*,
901 F.3d 1108 (9th Cir. 2018) .......... 5

*Carillo-Yeras v. Astrue*,
671 F.3d 731 (9th Cir. 2011) .......... 5

*Castrijon-Garcia v. Holder,*
704 F.3d 1205 (9th Cir. 2013) .......... 3

*Kisor v. Wilkie*,
588 U.S. 558 (2019) .......... 2, 3, 4, 5

*League of California Cities v. Fed. Commc'ns Comm'n*,
118 F.4th 995 (9th Cir. 2024) .......... 5

*Lezama-Garcia v. Holder*,
666 F.3d 518 (9th Cir. 2011) .......... 3

*Skidmore v. Swift & Co.*,
323 U.S. 134 (1944) .......... 2, 5

*United States v. Trumbull*,
114 F.4th 1114 (9th Cir. 2024) .......... 2

**Other Authorities**

49 Fed. Reg. 46552-01 (Nov. 27, 1984) .......... 3, 4

50 Fed. Reg. 4636-01 (Feb. 1, 1985) .......... 4

58 Fed. Reg. 50394-01 (Sept. 27, 1993) .......... 3, 4

NCUA, *Consumer Harm Stemming From Certain Overdraft and Non-Sufficient Funds Fee Practices*, 24-CU-03, https://perma.cc/2X2J-VRCJ ..........1

Rule 32-1(b) ..........7

Rule 32(a)(5) ..........7

Rule 32(a)(6) ..........7

Rule 32(f) ..........7

## INTRODUCTION

As Navy Federal has explained, the text of Section 701.35(c) unambiguously preempts *all* state laws that regulate share account fees—not just state laws that are inconsistent with federal law, as King claims. And when NCUA promulgated and amended the regulation, it unequivocally agreed, stating in no uncertain terms that these fees would be "free from state regulation." But decades later, and in the waning days of an outgoing presidential administration, NCUA asserted the opposite in a drive-by footnote in an opinion letter about an entirely different topic.

The letter in question mostly discusses practices that could expose federal credit unions to "heightened reputational, consumer compliance, third-party, and litigation risk."[1] But in one footnote (buried in the background section), NCUA asserts that Section 701.35(c) "does not preempt State laws that apply to practices of federal credit unions that violate other federal laws." *Id.* at 7 n.7. NCUA provides no reasoning for this statement, other than asserting that the "activities" in Section 701.35(c) "are limited to conduct that is consistent with federal law." *Id.* (cleaned up). Nor does NCUA acknowledge the prior contrary statements it repeatedly made decades earlier.

King relies on this statement in his reply brief (at 3, 9 12), but it is neither

[1] NCUA, *Consumer Harm Stemming from Certain Overdraft and Non-Sufficient Funds Fee Practices*, 24-CU-03, https://perma.cc/2X2J-VRCJ at 1.

controlling nor persuasive.

## ARGUMENT

NCUA's recent statement does not control under *Auer v. Robbins,* 519 U.S. 452 (1997) (as construed by *Kisor v. Wilkie*, 588 U.S. 558 (2019)). Nor is it persuasive under *Skidmore v. Swift & Co.,* 323 U.S. 134 (1944).

King doesn't argue that NCUA's recent statement is entitled to *Auer/Kisor* deference, and for good reason. An agency's interpretation controls under *Auer/Kisor* only when: (1) "the regulation is genuinely ambiguous"; (2) the agency's reading is "reasonable"; and (3) certain "the character and context" of the interpretation "entitles it to controlling weight," including because it "reflects the agency's fair and considered judgment." *United States v. Trumbull*, 114 F.4th 1114, 1118 (9th Cir. 2024) (citation omitted, cleaned up).[2] None of those requirements is met here.

First, Section 701.35(c) is not "genuinely ambiguous." *Id.* Before finding genuine ambiguity, courts "must exhaust all the traditional tools of construction" by carefully considering "the text, structure, history, and purpose of a regulation." *Kisor*, 588 U.S. at 575 (citations omitted, cleaned up). Here, the text, structure,

[2] While the Supreme Court recently abrogated *Chevron* deference—under which courts were required to defer to certain agency interpretations of governing statutes—this Court continues to apply *Auer* and *Kisor*. *Trumbull*, 114 F.4th at 1126 ("The Supreme Court did not call *Kisor* into question in *Loper Bright* . . . so we continue to apply it.").

history, and purpose of Section 701.35(c) all confirm that Section 701.35(c) preempts *all* state laws that regulate share-account fees, not just state laws that conflict with some other federal counterpart. *See* Response Br. 15–26. That deregulation makes sense, because federal credit unions are "controlled by their membership" and can therefore hold their leaders democratically accountable. 49 Fed. Reg. 46552-01, 46552 (Nov. 27, 1984).

Second, NCUA's recent statement is not reasonable for the same reasons.

Third, NCUA's recent statement was not a "fair and considered judgment." *Kisor*, 588 U.S. at 579. NCUA made this statement in a footnote buried in an opinion letter that wasn't about federal preemption at all. *See* p. 1, *supra*. And NCUA did "not explain its reasoning" in any way. *Lezama-Garcia v. Holder*, 666 F.3d 518, 532 (9th Cir. 2011). *See also, e.g., Castrijon-Garcia v. Holder,* 704 F.3d 1205, 1211 (9th Cir. 2013) (agency interpretation not persuasive when it contained "no analysis at all"). Further, this footnote came nearly thirty years after the preemption clause was first added to Section 701.35(c). *See Kisor*, 588 U.S. at 570 (*Auer/Kisor* deference "works yet less well when lots of time has passed between the rule's issuance and its interpretation").

What's more, an agency's statement isn't "fair" when it "creates unfair surprise to regulated parties." *Id.* at 584. Accordingly, courts have "only rarely given *Auer/Kisor* deference to an agency construction conflicting with a prior one."

*Id.* at 579 (cleaned up, citation omitted).

Here, NCUA's recent statement squarely conflicts with what it repeatedly said decades earlier. When first adding the preemption clause to Section 701.35(c), NCUA said it was "necessary" because "several states" had "attempt[ed] to regulate Federal credit unions." 50 Fed. Reg. 4636-01, 4636 (Feb. 1, 1985). So NCUA made share account fees "free from state regulation." 49 Fed. Reg. 46552-01, 46552 (Nov. 27, 1984) (proposed rule). *See also* 50 Fed. Reg. at 4637 ("To allow the states to regulate would infringe on NCUA's jurisdiction in this area and would be inconsistent with the dual chartering system."). NCUA didn't say it was allowing *some* state regulation, so long as it was consistent with "other federal law."

When amending this preemption clause into its current form in 1993, NCUA reiterated that it provided the "broadest possible protection in the area of share accounts." 58 Fed. Reg. 50394-01, 50440 (Sept. 27, 1993). Accordingly, this preemption clause "clearly leaves all terms and conditions on share certificate accounts, including 'all matters affecting the opening, maintaining or closing' of such accounts, to the discretion of the board of directors of each [federal credit union]." *Id.* at 50413. Again, NCUA nowhere suggested that this "broadest possible protection" allowed state-law regulations so long as they piggy-backed on other federal law. *See also* Response Br. 5–8, 21–22.

For these same reasons, NCUA's recent statement also warrants no deference

under *Skidmore*. When an interpretation isn't binding under *Auer*, it can sometimes be "persuasive" under *Skidmore*. *Carillo-Yeras v. Astrue*, 671 F.3d 731, 735 (9th Cir. 2011). These two doctrines have "much in common" and "largely overlap." *Kisor*, 588 U.S. at 591 (Roberts, C.J., concurring in part). Under *Skidmore*, the persuasiveness of an agency's interpretation is "proportional to the thoroughness evident in its consideration, the validity of its reasoning, [and] its consistency with earlier and later pronouncements." *League of California Cities v. Fed. Commc'ns Comm'n*, 118 F.4th 995, 1013 (9th Cir. 2024).

Those factors all confirm that NCUA's recent statement deserves no weight. NCUA's consideration certainly wasn't "thorough[]," as it "contained no analysis" or reasoning at all. *Barrera-Lima v. Sessions,* 901 F.3d 1108, 1118 (9th Cir. 2018) (internal citation omitted, cleaned up). This "lack of explanation . . . renders its new interpretation . . . exceedingly unpersuasive." *Id.* And as just explained, NCUA's new position is "plainly inconsistent" with its own prior statements. *Id*. Accordingly, this statement warrants no deference under *Skidmore*, either.

## CONCLUSION

This Court should accord no weight to NCUA's recent statement and, for all the reasons provided in Navy Federal's brief, affirm the judgment of the district court.

Respectfully submitted,

*/s/ Elbert Lin*
Elbert Lin
David M. Parker
HUNTON ANDREWS KURTH LLP
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219
804-788-8200
elin@huntonAK.com
dparker@huntonAK.com

*Counsel for Defendant-Appellee Navy Federal Credit Union*

Jason J. Kim
Hakop Stepanyan
Marcus E. Nelson
HUNTON ANDREWS KURTH LLP
550 South Hope Street, 2000
Los Angeles, California 90071
213-532-2000
kimj@HuntonAK.com
hstepanyan@HuntonAK.com
mnelson@HuntonAK.com

April 7, 2025

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Circuit Rule 32-1(b) because this brief contains 1,122 words excluding the parts of the brief exempted by Rule 32(f). This brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because this brief has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

April 7, 2025

*<u>/s/ Elbert Lin</u>*
Elbert Lin

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the U.S. Court of Appeals for the Ninth Circuit by using the CM/ECF system. All participants are registered CM/ECF users and will be served by the appellate CM/ECF system.

*/s/ Elbert Lin*
Elbert Lin